UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY MONTGOMERY,<br>        Petitioner, | |
| v. | PRISONER CASE NO.<br>3:11CV1354 (JCH) |
| MAUREEN P. BAIRD, et al.<br>        Respondents. | DECEMBER 10, 2012 |

## RULING AND ORDER

The petitioner, Kimberly Montgomery, is currently confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). She brings the present Petition pursuant to 28 U.S.C. § 2241 seeking an order directing the respondents to credit her sentence for completing a prison programs and that respondents find her eligible for parole. For the reasons that follow, the Petition is denied.

## BACKGROUND

On February 6, 1997, federal authorities in Washington, D.C., arrested the petitioner on the charge of mayhem while armed. The petitioner subsequently pleaded guilty to one count of mayhem while armed in violation of D.C. Code § 22-406 (formerly § 22-506) and D.C. Code §22-4502 (formerly § 22-3202) and two counts of assault with a deadly weapon in violation of D.C. Code § 22-402 (formerly § 22-502). On November 25, 1997, a judge in the District of Columbia Superior Court sentenced the petitioner to fifteen years to life on count of mayhem while armed and one to three years on each of the two assault counts. The sentences were to be served consecutively for a total effective sentence of seventeen years to life.

**STANDARD OF REVIEW**

In general, "[t]he power of the federal courts to grant writs of habeas corpus is derived from 28 U.S.C. § 2241, which provides that any federal court may grant the writ to any person restrained within its jurisdiction or, where the application is made by a state prisoner, convicted and sentenced within its jurisdiction." Pinkney v. Keane, 920 F.2d 1090, 1093 (2d Cir. 1990), cert. denied, 501 U.S. 1217 (1991). "A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (citing Chambers v. United States, 106 F.3d 472, 474–75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). Thus, an action challenging the Bureau of Prison's calculation of a sentence or parole eligibility is properly brought under 28 U.S.C. § 2241. See Chambers, 106 F.3d at 474–75.

**DISCUSSION**

The petitioner asserts three grounds for relief. In the third ground, the petitioner contends that the Bureau of Prisons has not awarded her good time credit for an educational program that she completed at Danbury FCI. In the first and second grounds, the petitioner claims that the Bureau of Prisons has erred in failing to determine that she has met her parole eligibility date.

    A.    **Good Time Credit**

The District of Columbia Good Time Credits Act of 1986 became effective on April

11, 1987, for all D.C. Code offenses committed on or after that date.  The Act included D.C. Code § 24-428, which governed Institutional Good Time Credits.  On June 22, 1994, the Omnibus Criminal Justice Reform Amendment Act of 1994 ("OCJRAA") codified at D.C. Code § 24-221.01, et seq., became effective.  The OCJRAA repealed D.C. Code § 24-428.  Thus, institutional good time credits cannot be applied to D.C. Code sentences imposed for offenses committed on or after June 22, 1994.

The petitioner concedes that she committed her felony offenses on February 2, 1997.[1]  (See Pet. Writ Habeas Corpus at 23–24.)  Because the petitioner was sentenced and convicted in November 1997 for offenses committed in February 1997, the sentences are governed by the OCJRAA and cannot be reduced by institutional good time credits.  Thus, the petitioner is not entitled to earn institutional good time credits.

The OCJRAA, however, did not eliminate the applicability of educational good time credits to offenses committed on or after June 22, 1994.  Pursuant to D.C. Code § 24-221.01:

> (a) Every person whose conduct complies with institutional rules and who demonstrates a desire for self-improvement by successfully completing an academic or vocational program,

---

[1] The petitioner attempts to argue that at least one of her convictions is for a misdemeanor offense.  It is clear that all three offenses are felonies.  See U.S. Department of Prisons Federal Bureau of Prisons Program Statement P5880.33 § 3.12 ("Felony sentence.  A sentence that is imposed for an offense that carries a maximum penalty in excess of one year.  (A sentence of one year or less, or a sentence to probation, for an offense with a possible maximum penalty of more than one year is a felony conviction.)").  The description of D.C. Code Offenses and Penalties in the Appendix to Program Statement P5880.33 shows that the maximum penalty for each of the offenses for which the petitioner was convicted exceeds one year in length.  See id. at 101–110.

> including special education and Graduate Equivalency Diploma programs, shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month. These credits shall not be awarded until completion of the academic or vocational program.
>
> (b) Educational good time credits authorized by the provisions of this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

D.C. Code § 24-221.01 (formerly D.C. Code § 24-429). There are exceptions to the applicability of educational good time credits to an inmate's sentence. The nature of the inmate's offense and violations of prison rules may limit an inmate's eligibility for credits after completion of educational programs. See 28 C.F.R. 523.33. For example, minimum terms of individuals sentenced under D.C. Code §§ 22-4502,[2] 48-901.02, 48-904.01, 22-2104(b), 22-2803, or 22-4504(b) may not be reduced by educational or institutional good time credits. See D.C. Code § 24-221.06.

Despite the fact that the petitioner was sentenced under D.C. Code § 22-3202, currently codified at D.C. Code § 22-4502, the respondents have provided evidence that the Bureau of Prisons has awarded her sixty days of educational good time credits and have applied that credit amount to her sentence to determine when she would be eligible for a parole hearing. (See Response Pet. Writ. Habeas Corpus, Ex. 1, ¶ 8 and Att. 6–7.) Thus, the Petition is denied to the extent that the petitioner claims the Bureau of Prisons has failed to award her institutional good time credits and denied as moot to the extent the

---

[2] D.C.Code § 22-4502 is entitled, "Additional penalty for committing crime when armed."

4

petitioner alleges the Bureau of Prisons neglected to award her educational good time credits for her successful completion of an educational course within the prison.

B.     **Parole Eligibility**

In the first two grounds of the Petition, the petitioner contends that the Bureau of Prisons has miscalculated the date that she will be eligible for parole. The Bureau has calculated the petitioner's parole eligibility date to be December 7, 2013. The petitioner argues that she should be eligible for parole on an earlier date.

At the time of the petitioner's offense in February 1997, parole decisions for District of Columbia ("D.C.") Code offenders were determined by the D.C. Board of Parole. The Board conducted parole hearings for D.C. offenders, applying regulations codified in 1987.[3]

On August 5, 1998, the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub. L. No. 105-33, § 11231(a), 111 Stat. 712, 745 (1997), became effective. The Revitalization Act abolished the D.C. Parole Board and granted jurisdiction to the United States Parole Commission to conduct parole hearings for D.C. Code felony offenders "pursuant to the parole laws and regulations of the District of Columbia." See D.C. Code § 24-131(a)-(c). Pursuant to the Revitalization Act, the United States Parole Commission exercised its authority to amend or supplement the 1987 Guidelines of the D.C. Board of Parole by enacting regulations to govern its

---

[3] The guidelines were formally adopted by the D.C. Board of Parole in March 1985, and published in the District of Columbia Municipal Regulations in May 1987. See D.C. Mun. Regs. Tit. 28, §§ 100, et seq. (1987).

operation with respect to D.C. Code Offenders. The revised regulations were codified in 2000. See 28 C.F.R. § 2.70, *et seq*. The 2000 regulations specify that they are applicable to D.C. Code Offenders whose first parole hearing would occur after August 5, 1998. See 28 C.F.R. § 2.80(a)(5). In November 2009, the Commission promulgated a rule that the 1987 regulations of the D.C. Parole Board would be applied to any offender who committed his or her crime between the effective date of the 1987 regulations (March 4, 1985) and August 4, 1998, the last day the D.C. Parole Board exercised authority over parole release determinations. See 74 Fed. Reg. 34,688 (July 17, 2009) (interim rule); 74 Fed. Reg. 58,540 (Nov. 13, 2009) (final rule) (codified at 28 C.F.R. § 2.80(o)).

At the time petitioner committed her felony offenses (February 1997), parole eligibility was determined by D.C. Code § 24-403, which provided in pertinent part that:

> in imposing sentence on a person convicted in the District of Columbia of a felony, the [sentencing] justice or judge of the court imposing such sentence shall sentence the person for a maximum period not exceeding the maximum fixed by law, and for a minimum period not exceeding one-third of the maximum sentence imposed, and any person so convicted and sentenced may be released on parole as herein provided at any time after having served the minimum sentence. Where the maximum sentence imposed is life imprisonment, a minimum sentence shall be imposed which shall not exceed 15 years imprisonment.

D.C. Code § 24-403(a) (2001) (formerly codified as § 24-203(a) (1981)). Thus, eligibility for parole is determined by statute and means only that the paroling authority has the discretion to consider an inmate's request for parole under the applicable parole regulations, but does not entitle the inmate to release. Consequently, the 1987 parole regulations would only come into effect after the petitioner reached her parole eligibility

date.

In order to become eligible for parole, the petitioner must have served her minimum sentence. The petitioner was sentenced to a term of fifteen years to life on the charge of mayhem while armed in violation of D.C. Code § 22-406 (formerly § 22-506) and § 22-4502 (formerly § 22-3202 ). She was also sentenced to one to three years on the first count of assault with a deadly weapon in violation of D.C. Code § 22-402 (formerly § 22-502) and one to three years on a second count of assault with a deadly weapon in violation of D.C. Code § 22-402 (formerly § 22-502), for a total effective sentence of seventeen years to life. Thus, her minimum sentence is seventeen years. The petitioner has offered no support for her contention that the minimum sentence should be any less than seventeen years. Pursuant to D.C. Code §§ 24-221.01 and 221.03(a), prior jail credit and educational good time credit may be deducted from a minimum sentence to reach an inmate's parole eligibility date. As indicated above, the petitioner is not entitled to earn institutional good time credits because she was sentenced under the OCJRAA.

With regard to the petitioner's sentence, the Bureau of Prisons determined that 292 days of jail credit, for the period she spent in custody from February 6, 1997 (the date of her arrest) to November 24, 1997 (the day before her sentencing), and sixty days of educational good time credit, for completing a GED course in April 2008, should be applied to her minimum sentence to determine her parole eligibility date. After applying these two periods of credit, the Bureau correctly calculated the petitioner's parole eligibility date to be December 7, 2013. Because the petitioner has not served the minimum portion of her sentence and has not reached her date of eligibility for parole, she is not entitled to be

considered by the Parole Commission for release on parole.  See D.C. Code 24-404(a) (United States Parole Commission may authorize the release of a D.C. offender on parole "whenever it shall appear to the . . . Commission . . . that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his or her release is not incompatible with the welfare of society, and that he or she has served the <u>minimum sentence imposed or the prescribed portion of his or her sentence</u> . . . .") (emphasis added).  The Petition is denied on the first two grounds of the Petition.

## CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus [**Doc. #1**] is **DENIED**.  Because petitioner has not made a showing of the denial of a constitutional right, a certificate of appealability will not issue.   The Clerk is directed to enter judgment for respondents and close this case.

**SO ORDERED**.

Dated this 10th day of December, 2012, at New Haven, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge